IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERT DENNIS SHERROD,

    Plaintiff,

vs.

JAMES BRODERICK, et al.,

    Defendants.

CV F 05 1069 OWW WMW P

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the July 27, 2006, first amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at CSP Lancaster, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at Lancaster State Prison and the Sierra Conservation Center at Jamestown.

    Plaintiff names as a defendant James Broderick, a Correctional Officer at the Sierra Conservation Center. Plaintiff's sole allegation as to Defendant Broderick is that he "crash a big laundry cart into my right leg hurting my neck and leg." Plaintiff alleges that this was "be design." The Eighth Amendment provides that "cruel and unusual punishment [shall not be] inflicted." "An Eighth Amendment claim that a prison official has deprived inmates of humane

1  conditions of confinement must meet two requirements, one objective and the other subjective."
2  Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.) cert. denied, 514 U.S. 1065, (1995).
3         The objective requirement is met if the prison official's acts or omissions
4  deprived a prisoner of "the minimal civilized measure of life's necessities.'" Id. (quoting Farmer
5  v. Brennan, 511 U.S. 825, 834 (1994)).  To satisfy the subjective prong, a plaintiff must show
6  more than mere inadvertence or negligence.  Neither negligence nor gross negligence will
7  constitute deliberate indifference.  Farmer, 511 U.S. at 833, & n. 4; Estelle v. Gamble, 429 U.S.
8  97, 106 (1976).  The Farmer court concluded that "subjective recklessness as used in the criminal
9  law is a familiar and workable standard that is consistent with the Cruel and Unusual
10 Punishments Clause" and adopted this as the test for deliberate indifference under the Eighth
11 Amendment.  Farmer, 511 U.S. at 839-40.
12      Here, Plaintiff has failed to allege facts indicating that Broderick acted with deliberate
13 indifference as that term is defined above.  Plaintiff also fails to specifically allege what injuries
14 he suffered.  Plaintiff alleges that he was later diagnosed with arthritis, but does not allege any
15 serious injury as a result of the cart being pushed into him.  A vague allegation that Broderick
16 pushed a laundry cart into Plaintiff and hurt him is insufficient to state a claim for relief.
17 Plaintiff must allege facts that indicate Broderick acted with deliberate indifference to Plaintiff,
18 causing him injury.
19      Plaintiff further alleges that Broderick was "abusive and profane, using a lot of improper
20 language."  Mere verbal harassment or abuse is not sufficient to state a constitutional deprivation
21 under 42 U.S.C. § 1983.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).
22      Plaintiff also sets forth vague allegations regarding his medical care.  Under the Eighth
23 Amendment, the government has an obligation to provide medical care to those who are
24 incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).  "In order to violate the
25 Eighth Amendment proscription against cruel and unusual punishment, there must be a
26

'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)). Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a court must examine whether the plaintiff's medical needs were serious. See Id. Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id. at 1132.

Here, Plaintiff's allegations indicate a dissatisfaction with his medical care. Plaintiff alleges that he was mis-diagnosed and that his medical care was delayed.

The court finds the allegations in plaintiff's complaint vague and conclusory. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended

complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   April 17, 2008**             /s/  William M. Wunderlich
                                        UNITED STATES MAGISTRATE JUDGE